**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2713-RMR

JASSIEL TZOMPA GARCIA,

      Petitioner,

v.

JUAN BALTAZAR, Warden – Aurora ICE Processing Center,
TODD LYONS, Acting Field Office Director – U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary – U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

      Respondents.

---

**ORDER**

---

Petitioner Jassiel Tzompa Garcia ("Petitioner) is a citizen of Mexico who entered the United States as a young child and has resided in this country for the vast majority of his life. ECF No. 1 ¶ 1. Upon arrival, Petitioner was granted Deferred Action from Childhood Arrivals and maintained lawful presence and employment authorization under that program. *Id.* ¶ 2. On March 24, 2026, Petitioner was arrested and detained after a routine traffic stop. *Id.* ¶ 3. Petitioner was then transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner was transferred to immigration detention on April 6, 2026. *Id.*

Prior to his detention, Petitioner filed Form I-918, Petition for U Nonimmigrant Status, before U.S. Citizenship and Immigration Services ("USCIS") on the basis of his

status as a victim of qualifying criminal activity and substantial cooperation with law enforcement authorities. *Id.* ¶ 4-5. His mother was previously granted U Nonimmigrant Status on the same basis. *Id.* ¶ 6. Petitioner moved for termination of removal proceedings or for administrative closure, on the ground that USCIS retain exclusive jurisdiction over his U Visa petition. *Id.* ¶ 8. On May 20, 2026, a federal district court issued a nationwide preliminary injunction certifying classes of U Visa, T Visa, and VAWA petitioners and enjoining enforcement practices that undermine victim-based immigration relief. *Id.* ¶ 9. Although Petitioner fits the criteria of such protected individuals, the Immigration Judge denied his Motion to Terminate or Administratively Close proceedings and denied relief on the basis that Petitioner's U Visa petition remains pending. *Id.* ¶¶ 11-12. As a result, Petitioner remains in ICE custody. *Id.* ¶ 13.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release from ICE custody. *Id.* at 22. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondents contend Petitioner is properly detained under § 1225(b). ECF No. 8 at 1. This Court previously analyzed the statutory framework and determined that "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years," *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025), and joined the chorus of courts in

---

[1] Respondents filed a Response to the Petition. ECF No. 8.

this district and around the nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

Since then, the Tenth Circuit has also spoken and articulated in great detail the reasons why noncitizens "in the country's interior," like Petitioner, are not subject to mandatory detention under § 1225(b)(2). *See generally, Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). The Tenth Circuit concluded that, "[b]ased on the statutory text and context . . . "§1225(b)(2)(A)'s application is limited to the border." *Id.* at *8. Because Petitioner has resided in the United States and was not detained at the border, he is improperly detained under § 1225.

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.  Respondents shall provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

3.  On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

4

DATED: July 2, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge