**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2713-RMR

JASSIEL TZOMPA GARCIA,

      Petitioner,

v.

JUAN BALTAZAR, Warden – Aurora ICE Processing Center,
TODD LYONS, Acting Field Office Director – U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary – U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

      Respondents.

---

**ORDER**

---

On July 2, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner a bond hearing no later than July 7, 2026. ECF No. 9. On July 9, 2026, Respondents filed a Status Report informing the Court that Petitioner received a bond hearing on July 7, 2026 and that the Immigration Judge ("IJ") denied bond based on a finding that Petitioner is a danger to the community. ECF No. 10. On July 20, 2026, Petitioner filed the instant Motion to Traverse in Support of Petition for Writ of Habeas Corpus. ECF No. 11. The following day, the Court ordered the parties to file documentation related to Petitioner's bond hearing, ECF No. 12, which Petitioner filed later that day, ECF No. 13.

In the Motion, Petitioner argues that his detention is unlawful, because he did not receive a bond hearing under the Court ordered standard. ECF No. 11 at 2-7. The Court previously ordered Respondents to provide Petitioner with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." ECF No. 9 at 4. Indeed, Immigration Judge Masters conducted a bond hearing by the deadline ordered by this Court. Respondents filed their Status Report in compliance with the Court's order and notified the Court that Petitioner had received a bond hearing and that the bond was denied. ECF No. 10. Respondents did not provide the Court with the bond hearing documentation. The Court ordered the parties to file these documents, and Petitioner complied.

Indeed, this Court lacks authority to reconsider the issues presented before the Immigration Judge or second-guess her application of the relevant burden. *See Asfir v. Blanche*, No. 1:26-cv-01435-GPG, ECF No. 19, at 3 (D. Colo. July 2, 2026) (citing *Soberanes v. Comfort*, 388 F.3d 1305, 1309 (10th Cir. 2004)). However, the Court does have the authority to ensure that its Orders are followed. *Id.* at 4. The Court ordered a bond hearing where the Government had the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. ECF No. 9. Immigration Judge Masters issued an "Order of the Immigration Judge" dated July 8, 2026, stating the request for a change in custody status was "Denied, because Danger – See bond memorandum." ECF No. 13-1 at 1. Her order provided no further information about her decision. *Id.*

2

The record reflects that the next day, Immigration Judge Masters issued "Bond Decision of the Immigration Judge." ECF No. 13-2. In her decision, she correctly stated that "when evaluating a respondent[']s petition for custody determination, an IJ must consider whether an alien is a danger to [the] community, a risk to national security, or a flight risk."[1] *Id.* at 3. Then, she listed Petitioner's criminal history included in the Form I-213 filed by the Department of Homeland Security ("DHS"). *Id.* at 3-4. She explained that "[t]he Respondent has a lengthy criminal history, including multiple DUI arrests" *Id.* at 4. However, the Form I-213 includes several cases where the charges were dismissed or are still pending. Many of the charges are over a decade old. Immigration Judge Masters does not engage in any analysis of which, if any, of the charges are the basis for her decision or how the Government met its burden of clear and convincing evidence of dangerousness or flight risk. Nor does she explain how the charges—most of which are arrests not convictions—sustain the Government's burden to prove present dangerousness or flight risk.

Immigration Judge Masters focuses her analysis on Petitioner's "multiple DUI arrests" and the dangers of drunk driving. *Id.* The Court recently reviewed a similar bond decision written by Immigration Judge Masters, where she utilized virtually identical reasoning: "The United States Supreme Court has repeatedly underscored the manner in which people who drive under the influence of alcohol endanger the welfare of the

---

[1] The Court notes that Petitioner in this case is referred to as "respondent" in the bond hearing proceeding. For consistency and clarity in this district court case, the Court will refer to Mr. Garcia as "Petitioner" in this Order.

community, causing death and serious injury" and cited to several Supreme Court cases discussing the danger of drunk driving. *Id.* at 4. In that case, the Court noted that the record was "devoid of evidence as to when this event occurred—whether it was weeks, months or years ago—and whether any conviction was sustained as a result of the arrest." *A.A.G.R. v. Baltazar et al.*, Case No. 1:26-cv-2344-RMR, ECF No. 24, at 4 (D. Colo. July 22, 2026). Here, the analysis of Petitioner's record includes Petitioner's DUI-related arrests. However, the only DUI conviction occurred in June 2021, and the remaining DUI cases are still pending.

Petitioner challenges Immigration Judge Masters' conclusion that Respondents indeed satisfied the heightened "clear and convincing" standard. "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). Again, the Court does not disagree with Immigration Judge Masters' concern with drunk driving. However, based on the record before the Court, the support for the actual application of the clear and convincing standard is lacking. To be sure, the Bond Decision contains a list of the Petitioner's prior criminal history. But the record does not include a recitation of the precise evidence Immigration Judge Masters deemed sufficient to satisfy the heavy burden of proving he is a danger to the community by clear and convincing evidence. "Indeed, not all criminal convictions conclusively establish that an alien presents a danger to the community, even where the crimes are serious enough to render the alien removable." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011). Petitioner's

4

most recent DUI conviction was in June 2021. In fact, Petitioner's only arrest from within the last three years relates to a traffic offense and is still pending. A noncitizen's criminal conduct "could have occurred years ago, and the alien could well have led an entirely law-abiding life since then." *Id.* "In such cases, denial of bond on the basis of criminal history alone may not be warranted." *Id.*

In this case, it is difficult to determine whether Immigration Judge Masters relies on Petitioner's singular DUI conviction from over five years ago, the history of arrests and dismissals, the pending but not adjudicated matters, or all of the above. Therefore, the Court agrees with Petitioner that Respondents did not satisfy their burden of proving by clear and convincing evidence that he is a danger to the community and that his bond hearing did not comply with the Court's orders.[2]

The Court previously stated that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required [by the Court], Petitioner must be immediately released from detention." ECF No. 9 at 4. Because Respondents did not provide the ordered bond hearing and did not prove by clear and convincing evidence that Petitioner is a danger to the community, the Court finds the appropriate remedy is immediate release. *Mejia*, 2026 WL 1361514, at *5 (finding order of immediate release

---

[2] Additionally, Petitioner has represented he has a pending Form I-918, Petition for U Nonimmigrant Status before the United States Citizenship and Immigration Services ("USCIS"). ECF No. 1 ¶ 4. Thus, he argues he is a member of the Stay of Removal Class certified in *Immigr. Ctr. for Women & Child. v. Noem*, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004, (C.D. Cal. May 20, 2026) ("*ICWC*"). The Court has previously determined that petitioners within the Stay of Removal Class are entitled to release and withholding of removal until their T or U visa applications are final or there is a dismissal of the class action. *Villeda Mejia v. Baltazar*, No. 1:26-cv-02084-RMR, ECF No. 26, at 3-4 (D. Colo. August 3, 2026). Given the Court's finding regarding the bond hearing, the Court does not engage in the analysis of whether Petitioner is subject to a stay of removal pursuant to the class action.

warranted because, "the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.").

### CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion to Traverse, ECF No. 11, is **GRANTED**;

2. Respondents failed to comply with the Court's order to provide Petitioner with a bond hearing by July 7, 2026, where Respondents shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

3. Because Respondents failed to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified, Respondents must immediately release Petitioner; and

4. On or before **August 7 2026**, Respondents shall file a status report certifying compliance as to Petitioner's release.

DATED: August 4, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge